P. 7(9)



# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

**AUSTIN 11, TEXAS**

ATTORNEY GENERAL

Honorable Joe Nelson
Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Opinion No. O-4893

Re: Should the State continue to participate in the payment of principal and interest on the bonds now in default after Shelby County has become current by the refunding of said bonds?

Dear Sir:

We have your letter setting forth certain facts and requesting our opinion on the question stated. The facts are:

"Shelby County Road District No. 6 has an issue of bonds outstanding which has been in default since 1933.

"Shelby County now proposes to refund all of the outstanding bonds of this district and claims that they should receive State aid on the bonds that are now in default."

Your request is:

"In view of your opinions Nos. O-3623 and O-4474, please advise this Board if, in your opinion, the State should continue to participate in the payment of the principal and interest on the bonds now in default after Shelby County has become current by the refunding of these bonds."

You do not inform us whether or not the bonds referred to are eligible bonds, but we are assuming for the purpose of this opinion that they are eligible for a certain percentage of State aid and that the Board of County and Road District Indebtedness has heretofore ascertained and determined that said bonds, in whole or in part, were eligible to participate in the moneys coming into the County and Road

District Highway Fund.

Subsection (a) of Section 6 of House Bill 688 passed by the Forty-sixth Legislature, Regular Session, 1939, reads, in part, as follows:

"All bonds, warrants or evidences of indebtedness heretofore issued by counties or defined road districts of this State which mature on or after January 1, 1933, insofar as amounts of same were issued for and the proceeds have been actually expended on the construction of roads that constituted and comprised a part of the system of designated State highways on September 17, 1932, or which subsequent to said date and prior to January 2, 1939, have been designated a part of the system of State highways * * * whether said indebtedness is now evidenced by the obligations originally issued, or by refunding obligations or both, shall be eligible to participate in the distribution of the moneys coming into said County and District Highway Fund, subject to the provisions of this Act; * * * shall participate in said County and Road District Highway Fund as of the date of the designation of said road as a part of the State system * * *."  (Underscoring ours).

Subsection (c) of Section 6 provides, in part:

"It shall be the duty of the Board of County and Road District Indebtedness * * * to ascertain and determine the amount of indebtedness eligible under the provisions of this section of this Act to participate in the moneys coming into said County and Road District Highway Fund * * * And said obligations, to said amount and extent shall be eligible for participation in the moneys coming into the County and Road District Highway Fund, and said ascertainment and determination shall be certified to the County Judge by said Board and all of the unmatured outstanding obligations of said issue shall ratably have the benefit of said participation in said moneys * * * The ascertainment and determination by the Board, after reasonable notice and hearing, of the amount of any county or defined road district obligation eligible under the provisions of this Act * * * shall be final and conclusive and shall not be subject to review in any other tribunal".  (Underscoring ours).

Section 1 of this Act contains the following language:

"And it is hereby determined that the further provisions of this Act constitute fair, just and equitable compensation, repayment and reimbursement to said counties and defined districts for their aid and assistance to the State in the construction of the State highways * * * And fully discharges the legally implied obligations of the State to compensate, repay and reimburse agencies of the State for expenses incurred at the instance and solicitation of the State as well as expenses incurred for the benefit of the State * * *".

The broad purpose of the Act as stated in the foregoing section is to reimburse the counties and districts for the amount they have expended on State highways. Until each county and each road district has been completely reimbursed the State Highway Department does not have title, according to the Act, of the State highways located in the various counties and road districts.

If the Board of County and Road District Indebtedness has heretofore ascertained and determined the amount of bonds of Road District No. 6 of Shelby County eligible under the provisions of the State Aid Act, said ascertainment and determination is "final and conclusive", and according to the plain provision of Subsection (a) of Section 6, first above quoted, the refunding bonds are likewise eligible for participation.

It is true that it is provided in Subsection (m) of Section 6 of the State Aid Act that "Any county, the Commissioners' Court of which fails or refuses to comply with the provisions of this Act in all things, * * * shall not participate in any of the benefits of this Act so long as such county fails or refuses to comply with the provisions thereof".

It seems that a county which has reinstated its status by complying with the law and refunding its bonds, thereby making them current, it could no longer be said that it is failing or refusing to comply with the provisions

of the Act, and we think it would then be entitled to participate in the benefits of the Act.

                                    Very truly yours,

                                    ATTORNEY GENERAL OF TEXAS


                                    By  /s/ C. F. Gibson
                                        C. F. Gibson
                                        Assistant

APPROVED NOV. 6, 1942

/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

CFG/s/cs

                    APPROVED OPINION
                       COMMITTEE
                     BY  BWB
                        Chairman